## SWOBODA v. CARTON FINISHERS, Inc., et al.

### No. 46C366.

District Court, N. D. Illinois, E. D.

Oct. 31, 1946.

Paul G. Sullins and Harry A. Sewell, both of Chicago, Ill., for plaintiff.

Collen & Kessler, of Chicago, Ill., for defendants.

CAMPBELL, District Judge.

In this action for unpaid minimum wages and overtime compensation, plus liquidated damages and attorney's fees under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., the plaintiff moves for an order under Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, requiring the defendants to permit the plaintiff and his attorneys to inspect and copy or photograph certain records. At this time the defendants object only to the plaintiff's inspection and copying of their gross sales records and copies of sales invoices, and this motion is therefore so limited.

The defendants contend that the records in question will disclose to the plaintiff and his attorneys confidential information with regard to the volume of defendants' business with each of their customers. The plaintiff states that inspection of these records is necessary to reveal the proportion of interstate business in which the defendants are engaged, which fact is necessary to determine whether the plaintiff is covered by the Act. The defendants state that they have no objection to examination of delivery tickets and shipping receipts. These records show the point of origin of the materials processed by the defendants, and the destination of materials following defendants' processing, but apparently without revealing the dollar volume of such business. It is the revelation of the dollar volume of business with particular customers which is the basis of defendants' objections to inspection of its gross sales records and sales invoices.

In Mabee v. White Plains Publishing Company, 1946, 327 U.S. 178, 66 S.Ct. 511, 513, the Supreme Court held that the proportion of an employer's business in interstate commerce is immaterial in determining whether an employee is covered by the Act, so long as regular shipments, and not merely "sporadic or occasional shipments of insubstantial amounts of goods," are made in interstate commerce. The inspection of the defendants' delivery tickets and shipping receipts, which defendants offer to the plaintiff and his attorneys at any reasonable time, should enable the plaintiff to determine whether the defendants are regularly engaged in interstate commerce. Should such inspection reveal that the defendants are only occasionally and sporadically so engaged, the volume of such commerce would then become material under the rule of the White Plains Publishing case, and the plaintiff could then apply to the court for an order to inspect defendants' gross sales records and sales invoices. At this time the plaintiff's motion for an order to inspect such records is denied, on the representation of the defendants that the plaintiff and his attorneys may inspect and copy or photograph defendants' delivery tickets and shipping receipts for the period in suit at any reasonable business hour.